UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO SUAREZ AGUILAR,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN DOE, Warden, California City Corrections Center, et al.,<br><br>    Respondents. | Case No. 1:25-cv-01742-KES-HBK (HC)<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>(Doc. No. 1) |

      Before the Court is Petitioner Hilario Suarez Aguilar's counseled operative petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on December 4, 2025. (Doc. No. 1, "Petition"). Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Corrections Center in California City, California, who claims he is being unlawfully detained. (*Id*. at 1). Specifically, Petitioner claims (1) his detention without providing a bond redetermination hearing to determine whether he is a flight risk or a danger to others violates his right to due process under the Fifth Amendment; (2) his unlawful detention pursuant to 8 U.S.C. § 1225(b)(2) violates 8 U.S.C. § 1226(a); and (3) his "detention is arbitrary, capricious, an abuse of discretion, violative of the Constitution, and without statutory authority" in violation of Administrative Procedure Act 5 U.S.C. § 706(2). (*Id*. at 10-11). As

relief, the Petition seeks release from custody or, in the alternative, the Court to order Respondent to schedule a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. (*Id*. at 11).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1. No later than **thirty (30) days** from the date of entry of this Order, Respondent is **DIRECTED** to respond to the Petition and show cause why the petition should not be granted. A response may be one of the following:

    (A) An answer addressing the merits of the petition. This response, which may not exceed fifty (50) pages in length without the court's leave, must set forth the facts and procedural history of the case and address each ground, allegation, and argument raised in the petition. **Conclusory statements and summary arguments that petitioner is not entitled to relief are not acceptable responses.**

    (B) A motion to dismiss the petition. This limited response must include only portions of the record necessary for the court to decide the bar to a merits review.

2. Respondent is **DIRECTED** to electronically file all documents necessary for resolving the issues presented in the petition. *See* R. Governing Section 2254 Cases 5(c).

3. If Respondent files an answer to the petition, Petitioner may file a reply within **twenty-one (21) days** of the date of service of Respondent's answer. The reply must not exceed twenty (20) pages without the court's leave. If no reply

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

is filed within thirty (30) days, the petition and answer are deemed submitted. The Court will not address new grounds raised in the reply. *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

4. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **twenty-one (21) days** of the date of service of Respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.
5. The Clerk of Court is directed to send an electronic copy of this Order and a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, and to mail a copy of this order to Petitioner.
7. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.
8. Extensions of time will be granted only upon a showing of good cause.
9. Petitioner shall return the Consent/Decline of U.S. Magistrate Form (Doc. No. 3) within **twenty-one (21) days**.

Dated:     December 9, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3